IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., BROADCOM CORPORATION, and BROADCOM INC.,<br><br>Defendants. | C.A. No. _____<br><br>(Court of Chancery No. 2024-1127) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446, Defendants Avago Technologies International Sales Pte. Ltd., Broadcom Corporation, and Broadcom Inc. (collectively, "Defendants") remove this action from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware. In support of removal, Defendants state:

1. This action is properly removed to this Court under the federal removal statute, 28 U.S.C. § 1441 because (i) the action is pending in the Court of Chancery of the State of Delaware, which is within the District of Delaware, and therefore venue is proper under § 1441(a); (ii) this Court has original federal-question jurisdiction over claims involving patent rights under 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over related state-law claims under § 1367; and (iii) the procedural requirements for removal set forth in 28 U.S.C. § 1446 are satisfied.[1]

---

[1] Defendants file this notice of removal without waiving any defenses including, but not limited to, any defenses enumerated in Fed. R. Civ. P. 12(b).

**FEDERAL QUESTION JURISDICTION**

2. Federal-question jurisdiction exists where a plaintiff's cause of action "arises under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331.

3. Similarly, this Court has "original jurisdiction of any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).

4. Plaintiff's Complaint includes numerous allegations that arise under the patent laws of the United States. Realtek claims that Defendants have breached an obligation to license patents that it alleges to be essential to various IEEE industry standards. *See* Complaint ¶¶ 104, 149, 150, 182, 183, 184, 185, 198. Notably, Realtek has failed to identify the particular patents that it contends are essential to standards and that Defendants have allegedly refused to license on reasonable and non-discriminatory ("RAND") terms. As Realtek appears to understand, if a patent is not standard-essential, there is no obligation to license such patent on RAND terms or otherwise. Determination of whether any patent claim is standard-essential requires an analysis of whether the patent "claim elements read onto mandatory portions of a standard that standard-compliant devices must incorporate." *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020). To make that determination, "a qualified expert must examine the declared essential patent and compare it to the relevant standard." *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 994 (N.D. Cal. 2018). The Federal Circuit has explained that the required inquiry is "akin to an infringement analysis (comparing claim elements to an accused product)." *IP Bridge 1*, 967 F. 3d at 1385. As such, at least Counts III and V of Realtek's Complaint arise under the patent laws, conferring federal jurisdiction.

5. Plaintiff's Complaint also includes direct infringement allegations arising under the patent laws of the United States. Realtek repeatedly alleges that Defendants' products infringe

RLF1 31852553v.1

Realtek's patents. *See* Complaint ¶¶ 92, 93, 97, 175, 180. In Count II, Realtek asks the Court for a declaration that Broadcom Corp. and Broadcom Inc. products infringe Realtek's patents. *Id.* ¶ 180. Accordingly, Count II also arises under the patent laws and confers federal jurisdiction.

6. This Court also has jurisdiction over Plaintiff's remaining non-federal claims for breach of contract (Count I) and, tortious interference with contractual relations (Count IV) under 28 U.S.C. §§ 1367(a) and 1441(c). Those statutes provide the Court with supplemental jurisdiction over otherwise non-removable causes of action that are joined with a separate and independent claim within the jurisdiction conferred by section 1331, so long as—like here—such non-removable claims are so related to the federal claim that they form part of the same case or controversy.

7. For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1367, and 1441(a) and (c).

## THE OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. In addition to the jurisdictional requirements discussed above, 28 U.S.C. §§ 1441 and 1446 also set forth certain procedural requirements with respect to removal. *See* 28 U.S.C. §§ 1441(a), 1446. As set forth below, Defendants have satisfied the procedural requirements set forth in 28 U.S.C. §§ 1441 and 1446.

9. A true and correct copy of the Complaint and other papers filed confidentially in the Court of Chancery are attached collectively as **Exhibit A**. Additional papers filed publicly in the Court of Chancery are attached collectively as **Exhibit B.**

10. All Defendants consent to the removal of this action to this Court.

11. Venue is proper. The court in which this action was commenced is within this District. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

12. Defendants timely file this Notice of Removal within thirty (30) days of receipt of Plaintiff's Complaint in the Delaware Court of Chancery. *See* 28 U.S.C. § 1446(b).

13. Defendants will file a written notice of the filing of this Notice of Removal with the Register in Chancery (attached as **Exhibit C**) concurrently with filing this Notice of Removal and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

14. **WHEREFORE**, this action is removed from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware.

| | |
|---|---|
| OF COUNSEL: | /s/ Kelly E. Farnan |
| | Kelly E. Farnan (#4395) |
| Kristopher L. Reed | Blake Rohrbacher (#4750) |
| kris.reed@hklaw.com | Sara M. Metzler (#6509) |
| Richard L. Wynne, Jr. | RICHARDS, LAYTON & FINGER, P.A. |
| richard.wynne@hklaw.com | One Rodney Square |
| Adrienne E. Dominguez | 920 North King Street |
| adrienne.dominguez@hklaw.com | Wilmington, DE 19801 |
| HOLLAND & KNIGHT LLP | (302) 651-7700 |
| One Arts Plaza | farnan@rlf.com |
| 1722 Routh Street, Suite 1500 | rohrbacher@rlf.com |
| Dallas, TX 75201 | metzler@rlf.com |
| 214-969-1700 | |
| | *Attorneys for Defendants Avago Technologies International Sales Pte. Ltd., Broadcom Corporation, and Broadcom Inc.* |

Dated: November 8, 2024