IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD, BROADCOM CORP., and BROADCOM INC.,<br><br>    Defendants. | C.A. No. 24-1235-UNA |

**PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION'S UNOPPOSED
MOTION TO FILE UNDER SEAL**

Plaintiff Realtek Semiconductor Corporation ("Realtek") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3[1] for entry of an order authorizing Realtek to file two motions and associated memoranda under seal: (1) Plaintiff's Motion to Remand the Case to the Court of Chancery or Alternatively to Set a Schedule for an Anti-Suit Injunction under seal; and (2) Plaintiff's Motion for Expedited Briefing on its Motion to Remand the Case to the Court of Chancery of the State of Delaware.

**INTRODUCTION**

1.     The Defendants in this action previously moved to seal the removal papers they submitted to this Court because, among other things, they discuss and quote from confidential

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which in turn requires that the authority for filing a document under seal be provided by a protective order of the court.

settlement and license documents between the parties and because they reveal other confidential information regarding Realtek's relationship with one of its suppliers.

2.  Realtek requests an order authorizing it to file the documents identified above under seal, as they contain confidential, non-public information related to a license agreement and negotiations.

3.  Defendants do not oppose this motion.

## LEGAL STANDARD

4.  Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). The movant overcomes the presumption of access if it shows "that the interest in secrecy outweighs the presumption." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

5.  Here, good cause to seal the documents identified above exists because these documents contain confidential information related to a license agreement and negotiations.

6.  Realtek will comply with all applicable local rules and procedure regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version of the Answer and Counterclaims within seven (7) days of filing the sealed documents.

7.  Realtek, therefore, respectfully requests entry of the attached order permitting the

filing of the documents identified above under seal.

## CONFIDENTIAL INFORMATION

8. Good cause exists to seal these documents because they contain sensitive, non-public information. Portions of the motions and associated memoranda contain information related to the confidential license agreement between the parties and negotiations between the parties, that if made public would greatly benefit Realtek's competitors and, therefore, significantly injure Realtek.

9. The information contained within the documents identified above is non-public, confidential information that amounts to competitively sensitive information concerning license terms and conditions and negotiations related to licenses.

10. Good cause exists as to the confidential treatment of the confidential license agreement and prior negotiations.

## CONCLUSION

11. Realtek, therefore, respectfully requests entry of the attached Order sealing: (1) Plaintiff's Motion to Remand the Case to the Court of Chancery or Alternatively to Set a Schedule for an Anti-Suit Injunction; (2) Plaintiff's Brief in Support of Its Motion to Remand the Case to the Court of Chancery or Alternatively to Set a Schedule for an Anti-Suit Injunction under seal; and (3) Plaintiff's Motion for Expedited Briefing on its Motion to Remand the Case to the Court of Chancery of the State of Delaware.

12. Realtek will file a public version of these documents with only the confidential information redacted in compliance with Local Rule 5.1.3 and CM/ECF procedures.

Dated: November 11, 2024 **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Megan E. Hunt (No. 6569)
600 King Street, Suite 901
Wilmington, DE 19801
Phone:  (302) 416-7000
steve.caponi@klgates.com
megan.hunt@klgates.com

*Counsel for Plaintiff*