# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., BROADCOM CORPORATION, and BROADCOM INC.,<br><br>  Defendants. | C.A. No. 24-1235-GBW<br><br>**PUBLIC VERSION FILED**<br>**November 26, 2024** |

## JOINT LETTER TO THE HONORABLE GREGORY B. WILLIAMS

**RICHARDS, LAYTON & FINGER, P.A.**
Kelly E. Farnan (#4395)
Blake Rohrbacher (#4750)
Sara M. Metzler (#6509)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Defendants*

**K&L GATES LLP**
Steven L. Caponi (No. 3484)
Megan E. Hunt (No. 6569)
600 King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
megan.hunt@klgates.com

*Counsel for Plaintiff*

Dated November 19, 2024

November 18, 2024

**Re:    Case No. 1:24-cv-01235-GBW - Joint Letter Pursuant to D.I. 17**

Dear Judge Williams:

The parties respectfully submit this joint letter pursuant to the Court's November 14, 2024 Order.

### I.    Agreements, Disagreements, and Proposals for Deadlines in Dispute
####    A.  *Agreed Deadlines for Motion to Remand*

| Event | Agreed Deadline |
| --- | --- |
| Response to Realtek's motion to remand or alternatively to set a schedule for an anti-suit injunction | Monday, November 18, 2024 |
| Reply in support of motion | Wednesday, November 20, 2024 |
| Requested ruling date (Realtek's proposal) | Friday, November 22, 2024 |

####    B.  *Disputes Regarding Discovery While the Motion to Remand is Pending*

The parties disagree as to whether discovery can, and should, proceed while the motion to remand is pending. Realtek's position is that discovery has commenced and—given the tight timeline—expedited discovery is needed while the Court decides the motion to remand.

Defendants' position is that discovery has not commenced. Realtek attempted to force Defendants to participate in a Rule 26(f) conference during the Court-ordered meet and confer, and Defendants declined to do so. And there is no urgency to this action as Realtek is not entitled to an antisuit injunction and was grossly dilatory in filing suit.

| Event | Realtek's proposal | Defendants' proposal |
| --- | --- | --- |
| Serve written discovery | 11/18/24 - based on Rule 26(f) conference on 11/18/24 | No Rule 26(f) conference has yet occurred (see below) |
| Rule 26(a)(1) disclosures | 12/6/24 | Discovery has not begun |
| Respond to written discovery | 12/6/24 | Expedited proceedings are not required (see below) |
| Fact discovery concludes | 12/26/24 | (as above) |
| Expert disclosures due | 12/27/24 | (as above) |
| Expert discovery concludes | 1/3/25 | (as above) |
| Realtek's opening brief due | 1/13/25 | (as above) |
| Defendants' brief due | 1/27/25 | (as above) |
| Realtek's reply brief | 2/3/25 | (as above) |
| Hearing (requested) | 2/7/25 | (as above) |
| Requested ruling date (Realtek's proposal) | 2/14/25 | (as above) |

C. *Agreed Deadlines for Realtek's Forthcoming Motion for Alternative Service*

| Event | Agreed Deadline |
|---|---|
| Realtek's motion for alternative service on Avago | 11/19/24 |
| Opposition | 11/26/24 |
| Reply | 11/29/24 |

**II.     Realtek's Explanation for the Parties' Disagreements and Its Proposal**

Realtek asks the Court to remand this case as promptly as possible. Realtek appreciates that the Court is extremely busy, so if the remand order cannot issue immediately, Realtek asks the Court to allow discovery to commence so that Defendants' delaying tactics will not succeed and this case will timely be ready for resolution. Defendants' other arguments all go to the merits, and the rest upon incorrect assertions of fact and law. The parties will have ample time to make such arguments to this Court or the Delaware Court of Chancery. Allowing discovery to proceed, on an expedited basis, will preserve the status quo and allow orderly development of the claims.

Defendants are engaged in a prohibited patent "hold-up." They have known, for years, that Realtek has informed customers that it has a license to Defendants' patents. Yet they took no action until very recently, when they sued Realtek's U.S. customer, ▓▓▓▓, in Germany. It appears that (and discovery will likely show) that Defendants deliberately did not contact Realtek about the litigation, and may have tried to hide the litigation from Realtek, because they knew that: (1) Realtek has a license to the patents; and (2) Realtek previously requested a RAND license to Defendants' patents essential to the IEEE 802.3 standard, but Defendants refused to provide one, which makes their patents unenforceable. Defendants are trying to confuse the Court by suggesting that Realtek is at fault for Defendants' attempts to co-opt German courts into resolving a U.S. dispute. They likewise are wrong that the long-pendency of these license disputes is Realtek's fault, when in actuality, it is Defendants who delayed and acquiesced to Realtek's positions. Defendants also wrongly argue that essentiality is in dispute, but it is not. It is indisputable that Realtek requested, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. That is quite common and exactly how negotiations here proceeded. But Defendants' offer was not RAND because they demanded, for example, that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which RAND rules expressly prohibit. This case does not present—and the Court need not decide—whether any patents are standard essential. Defendants have not disputed that they represented to the German courts that the only two patents at issue—the two European patents—are essential to the 802.3 standard.

After Realtek obtained its license to Defendants' patents, and after Defendants refused a RAND license to Realtek, Defendants took no action against Realtek or its customers for many years, and Realtek relied on their inaction when investing vast sums—together with its customers—in implementing the licensed technology. Just recently, however, Defendants sued ▓▓▓▓ (a U.S. company) in Germany in an effort to accomplish their hold-up scheme. Pleadings in the German courts Defendants selected are not public, so Realtek did not receive notice from the filings. After Realtek learned of the pending litigation, and after the German court set an unusually expedited schedule with a February 20, 2025 hearing date, that threatened an imminent and improper injunction, Realtek responded with this action. Since Realtek filed this case on October 31, 2024,

2

Realtek has done its best to ensure that this case remains on track for a ruling on the merits prior to February 20, 2025.  Defendants have resisted those efforts and engaged in a variety of delay tactics.  They filed a frivolous removal petition on November 8 and then *fled* the Rule 26(f) discovery conference Realtek convened in hopes of delaying discovery.[1]  While holding up these proceedings, Defendants have simultaneously refused to stay or suspend the foreign proceedings to allow this case to develop on a standard schedule.  Defendants cannot have it both ways.  If they decline to stay or suspend the foreign proceedings, and if the Court cannot issue a remand order this week, then this case requires expedited discovery and expedited proceedings so that Realtek can seek a timely anti-suit injunction that prohibits enforcement of any injunctive relief the German courts might enter against Realtek technology.  That injunction would not halt proceedings in Germany or impact any technology allegedly supplied by others, such as ▮.  Such targeted injunctions are commonplace and pose no problems.

In Realtek's complaint, in its motions to expedite (both before this Court and before the Delaware Court of Chancery), and in its communications with Defendants, Realtek has repeatedly explained why expedited proceedings are necessary, regardless of which court hears this case.  If the parties work cooperatively and diligently, there is sufficient time to conduct the necessary discovery and present the claims for orderly resolution before February 20, 2025.  Accordingly, while Realtek's motion for remand is pending, Realtek respectfully asks the Court to enter an order expediting discovery, so that this case will remain on track.  In particular, Realtek seeks an order: (1) holding that Realtek has complied with its Rule 26(f) obligations; (2) holding that discovery commenced on November 18, 2024; (3) entering Realtek's proposed deadlines above for discovery and consideration of Realtek's motion for anti-suit injunction; and (4) ordering that such deadlines shall remain in place unless and until the Court remands the case.

Separately, a dispute has arisen about Realtek's service of process on defendant Avago Technology International Sales PTE. LTD. ("Avago Sales").  The parties have agreed to a briefing schedule related to that dispute.

### III.   Defendants' Statement of Position

Realtek has slept on the claims asserted in this case for at least seven years, and now seeks to rush to trial in just three-and-a-half months.[2]  Further, Realtek has sat back and watched the German proceedings for over five months and, apparently concerned with the potential outcome, has now lodged duplicative arguments in what it perceives is a more favorable forum seeking an antisuit

---

[1] Because of disagreements about the proposals Defendants made, regarding deadlines, during the parties' November 13, 2024 meet and confer session, Realtek engaged a court reporter to transcribe the parties' November 18, 2024 discovery conference.  Realtek will submit to the Court the transcript of that meet and confer session, which will reflect that Defendants left the call when Realtek began the parties' Rule 26(f) conference.

[2] At section II, above, Realtek appears to be arguing the merits of its case rather than addressing why, having ignored the German litigation since the spring, expedited resolution is necessary now.Defendants will address these merits arguments at the appropriate time. Further, Defendants' Answering Brief in Opposition to Plaintiff's Motion to Remand explains why, contrary to Realtek's argument, the standard-essentiality of more than simply two German patents is at issue. *See* D.I. 19, at 8-11.

injunction that is unavailable to Realtek as a matter of law. For these reasons, Defendants are not willing to stay or suspend the foreign proceedings for any purpose, and respectfully request that the Court deny Realtek's requests for expedited proceedings.

**A. Realtek's extreme delay in bringing its claims warrants against expediting this action.**

Realtek's cries of urgency in this matter are misplaced, as any timing concerns are due solely to Realtek's inaction. As shown by admissions in the Complaint itself, Realtek has delayed over seven years in seeking the relief demanded in this case.

For its breach of license and related claims (Counts I, II, and IV), Realtek sued Defendants in this Court in 2017, making the same allegations it makes here. D.I. 2, Ex. A, Complaint ¶¶ 86–88. Judge Sleet dismissed that lawsuit for lack of jurisdiction in December 2017, and Realtek did not refile its claims until October 31, 2024—nearly seven years later. For its RAND claims (Counts III and V), Realtek's Complaint asserts that it requested a RAND license to Defendants' standard-essential patents in 2015, but Defendants failed to offer a license on RAND terms. *Id.* ¶¶ 140–147. Nothing about claims dating back seven and nine years is so pressing as to warrant expedited discovery or determination now.

But even if the German litigation could resurrect Realtek's time-barred and abandoned claims, Realtek's Complaint admits that Realtek has known about the German litigation since at least May 2024—over five months before Realtek filed this action demanding expedited determination. *See id.* ¶ 73. And Defendants did not (and could not) "hide" anything, as the German action was filed and promptly served on ▇▇▇, with the February 20, 2025 hearing date listed on the summons. Realtek denies only that it did not have access to the pleadings in the German litigation—not that it did not learn of the German litigation around the time of filing. Notably, this delay in filing suit for over five months would prevent Realtek from obtaining the expedited determination originally sought in the Chancery Court. *See Intrepid Inv., LLC v. Selling Source LLC*, No. 8261–VCN, 2013 WL 494355, at *2 (Del. Ch. Ct. Feb. 8, 2013) (denying request for expedited relief where the plaintiff delayed five months before filing suit and asking for expedited determination). So there is no basis for entering an expedited schedule.

**B. Realtek has not met the "threshold requirement" for obtaining an antisuit injunction.**

In its motion to set an expedited schedule, Realtek identifies as controlling authority the Federal Circuit's recent decision in *Telefonaktiebolaget LM Ericsson v. Lenovo (United States), Inc.*, ___ F.4th ___, 2024 WL 4558664 (Fed. Cir. Oct. 24, 2024). *See* D.I. 9, at 13. That case establishes, however, that Realtek is not entitled to an antisuit injunction as a matter of law. There, the court explained that a "threshold requirement" for obtaining an antisuit injunction is "that the parties and issues be the same as between the domestic and foreign suits, and that the domestic suit be 'dispositive of the [foreign] action to be enjoined.'" *Ericsson*, 2024 WL 4558664, at *3 (quoting *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872, 881–82 (9th Cir. 2012)). Realtek does not meet either of the two threshold requirements. The parties in this case are not the same as in the foreign suit, as ▇▇▇ is not a party to this action, and Realtek is not a party to the German litigations Realtek seeks to enjoin. And Realtek's license claims would not be dispositive of the German actions sought to be enjoined because Avago Sales's action in Germany alleges Tesla's infringement due to use of Ethernet products from suppliers other than Realtek, including ▇▇▇.

4

Because Realtek cannot meet the "threshold requirement" for obtaining an antisuit injunction, it cannot establish any urgency that would require this Court to expedite all deadlines and conduct a trial in just over three months.

**C. Staying the German litigation violates principles of international comity.**

Realtek's suit represents nothing more than international forum shopping. The hearing date in the German litigation was set by the court on May 3, 2024 and specified in the German court's summons, and ▬ has had a full opportunity to defend that suit. The defenses ▬ has asserted in that litigation include the same defenses that Realtek asks the Court to adjudicate here. In particular, Tesla has asserted a defense of patent exhaustion as to Realtek products, arguing that Realtek products incorporated into ▬ vehicles are covered by the 2015 License Agreement at issue here. And ▬ has further alleged that the asserted patents are subject to an obligation to be licensed on RAND terms. Moreover, enjoining or requiring Defendants to stay the German litigation where the issues in this action have already been under consideration for many months by the German court risks encroaching on principles of international comity. There is no reason why a Delaware court should move heaven and earth to hold a trial in roughly three months so that a foreign company like Realtek can preempt a decision on the same issues by a competent German court that has jurisdiction to decide the issues in the first instance. And this is especially true in view of Realtek's decision to stand idly by while the German action has been pending for over five months, and only file the present suit when it became apparent that the German court may not decide these issues in ▬ favor.

**D. The Court should not indulge Realtek's over-aggressive Rule 26(f) approach.**

The conference required under Rule 26(f) is not a mere box-checking exercise that must be completed before serving discovery. "The purpose of the Rule 26(f) Conference is to ultimately reach agreements that will reduce the costs of litigation while forcing the parties to pay attention to what they ultimately need to prove or disprove." Cowper, 8 Sedona Conf. J. 261, 264 (2007). Accomplishing this purpose, of course, requires advance preparation, including coordination with clients and an understanding of the likely case schedule.

Despite this, Realtek pronounced late Friday afternoon that the Court-ordered conference scheduled for Monday morning would also constitute the parties' Rule 26(f) conference. Defendants repeatedly objected to this unilateral declaration over the weekend and on the Monday call, noting that such a conference was premature, especially given the dispute over expediting the case schedule and the fact that at least two defendants had not been served with process. Undaunted, counsel for Realtek attempted to ram a list of Rule 26(f) topics into the discussion at the end of the call on Monday to create a faux impression that an actual Rule 26(f) conference had been held. Defendants' counsel again objected, and when Realtek's counsel refused to desist, Defendants' counsel concluded their participation in the call.

Given the above, Defendants respectfully request that the Court reject Realtek's performative gambit and order the parties to conduct a true, meaningful Rule 26(f) conference at some reasonable time after the Court determines whether to expedite this case.

Dated November 19, 2024

| **RICHARDS, LAYTON & FINGER, P.A.** | **K&L GATES LLP** |
|---|---|
| */s/ Kelly E. Farnan* | */s/ Steven L. Caponi* |
| Kelly E. Farnan (#4395) | Steven L. Caponi (No. 3484) |
| Blake Rohrbacher (#4750) | Megan E. Hunt (No. 6569) |
| Sara M. Metzler (#6509) | 600 King Street, Suite 901 |
| One Rodney Square | Wilmington, DE 19801 |
| 920 N. King Street | Phone: (302) 416-7000 |
| Wilmington, DE 19801 | steven.caponi@klgates.com |
| (302) 651-7700 | megan.hunt@klgates.com |
| *Attorneys for Defendants* | *Counsel for Plaintiff* |