# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD, BROADCOM CORP., and BROADCOM INC.,<br><br>      Defendants. | C.A. No. 24-1235-GBW<br><br>PUBLIC VERSION FILED<br>December 26, 2024 |

## JOINT MOTION TO SEAL PORTIONS OF THE COURT'S MEMORANDUM OPINION

Plaintiff Realtek Semiconductor Corporation ("Realtek") and Defendants Avago Technologies International Sales Pte. Ltd. ("Avago Sales"), Broadcom Corp., and Broadcom Inc. (collectively, "Defendants")—in compliance with the Court's December 11, 2024 Order (D.I. 57)—respectfully and jointly move this Court to enter the enclosed, redacted version of the Court's December 11, 2024 Memorandum Opinion (D.I. 56).

This motion is supported by the Declaration of Theodore J. Angelis filed concurrently with this joint motion.

### INTRODUCTION

1.  The parties in this action have regularly moved to seal certain portions of the record because they discuss and quote from confidential settlement and license documents between the parties and because they reveal information that the German regional court in Munich has required the parties to keep confidential, including the name of Realtek's customer at issue in this proceeding. Angelis Decl. ¶ 2.

508830169.1

2. The parties therefore respectfully ask the Court to enter the redacted version of its Memorandum Opinion that they have prepared.

## LEGAL STANDARD

3. Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Mktg., Sales Pracs. & Prod. Liabl. Litig*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). The parties can overcome the presumption of access if they shows "that the interest in secrecy outweighs the presumption." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

## CONFIDENTIAL INFORMATION

4. Good cause exists to seal the documents because they contain sensitive, non-public information. The portions of the Memorandum Opinion that the parties seek to seal contain information that, if disclosed, will work a clearly defined and serious injury to the parties. Specifically, portions of the Memorandum Opinion contain information related to the confidential license agreement between the parties, that if made public, would benefit the parties' competitors and, therefore, significantly injure them. In addition, revealing the name of the party who is using Realtek's technology could subject the parties to contempt proceedings in German courts.

5. The parties are both significant sellers of integrated circuits. Angelis Decl. ¶ 3.

They each are ranked as being among the top 10 fabless semiconductor companies[1] worldwide. *Id.* The top fabless semiconductor companies compete vigorously with one another with respect to intellectual property (and resulting disputes), and the parties carefully guard their confidential information from one another and from purchasers of their technology. *Id.* ¶ 4. That is especially true of licenses regarding the parties' intellectual property, which are the crown jewels of each of technology companies. *Id.*

6. Realtek entered into a license agreement with Avago Sales's predecessor. *Id.* ¶ 5. The parties have provided the Court a redacted copy of that agreement, and the Court cited it within the Memorandum Opinion. *Id.*

7. The parties contend that the terms of the agreement are of significant competitive interest to other semiconductor companies and to companies who may be using each party's intellectual property. *Id.* ¶ 6. Those parties want to secure the best possible terms for any agreement regarding IP rights, so they seek to take advantage of terms that become publicly available. *Id.*

8. Whether to offer a particular term or accommodation in an agreement regarding intellectual property is negotiated and must reflect the circumstances of each relationship. *Id.* ¶ 7. If the terms of the license agreement at issue become public, they could be seized upon in future negotiations, making it much easier for future counterparties to demand the same terms offered in the license agreement at issue here. *Id.* Those terms may not be appropriate, and as a result, public revelation of the terms of the license agreement at issue here would cause significant harm to the parties' negotiating positions in future negotiations. *Id.* Revealing the terms of the agreement

---

[1] Fabless semiconductor companies are those that design integrated circuits but do not maintain their own foundries.

between the parties would therefore cause substantial, competitive harm to each of them. *Id.*

9. The information the parties seek to protect is non-public, confidential information that both parties have taken pains to keep confidential. *Id.* ¶ 8. The information is competitively sensitive and the product of negotiations. *Id.*

10. Accordingly, revealing the terms of the license agreement would work a clearly defined and serious injury to both parties.

11. In addition, throughout this proceeding, the parties have redacted from their filings the name of the entity ▮▮▮, sued in Germany, who is using Realtek-supplied technology. *Id.* ¶ 9. The parties have redacted ▮▮▮ name to comply with instructions from the German courts. *Id.* The German court in Munich has indicated that revealing ▮▮▮ name would violate its confidentiality orders and could subject the parties to contempt proceedings. *Id.*

## CONCLUSION

12. The parties therefore respectfully ask the Court to apply the redactions they have proposed to the Court's Memorandum Opinion as reflected in the attached Exhibit A.

Dated: December 18, 2024

| **K&L GATES LLP** | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| */s/ Steven L. Caponi* | */s/ Sara M. Metzler* |
| Steven L. Caponi (No. 3484) | Kelly E. Farnan (#4395) |
| Megan E. Hunt (No. 6569) | Blake Rohrbacher (#4750) |
| 600 King Street, Suite 901 | Sara M. Metzler (#6509) |
| Wilmington, DE 19801 | One Rodney Square |
| Phone: (302) 416-7000 | 920 N. King Street |
| steven.caponi@klgates.com | Wilmington, DE 19801 |
| megan.hunt@klgates.com | (302) 651-7700 |
| | farnan@rlf.com |
| *Counsel for Plaintiff* | rohrbacher@rlf.com |
| | metzler@rlf.com |
| | |
| | *Attorneys for Defendants* |