IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTEK SEMICONDUCTOR CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD, BROADCOM CORP., and BROADCOM INC.,<br><br>      Defendants. | C.A. No. 24-1235-GBW |

**PLAINTIFF REALTEK SEMICONDUCTOR CORPORATION'S
MOTION TO FILE UNDER SEAL**

Plaintiff Realtek Semiconductor Corporation ("Realtek") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3[1] for entry of an order authorizing Realtek to file Plaintiff Realtek Semiconductor Corporation's Opening Brief in Support of its Motion for Attorneys' Fees and Declaration of Theodore J. Angelis in Support of Plaintiff Realtek Semiconductor Corporation's Opening Brief in Support of its Motion for Attorneys' Fees, including exhibits attached thereto.

**INTRODUCTION**

1. The parties in this action previously moved to seal the prior motions they submitted to this Court because, among other things, they discuss and quote from confidential settlement and license documents between the parties and because they reveal other confidential

---

[1] Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 5.1.3 requires that documents placed under seal be filed in accordance with CM/ECF procedures, which in turn requires that the authority for filing a document under seal be provided by a protective order of the court.

information regarding Realtek's relationship with one of its suppliers, and also include confidential and commercially sensitive information regarding Realtek's counsel's billing rates and time entries in this matter.

2. Realtek requests an order authorizing it to file the documents identified above under seal, as they contain confidential, non-public information.

## LEGAL STANDARD

3. Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). The movant overcomes the presumption of access if it shows "that the interest in secrecy outweighs the presumption." *In re Avandia Marketing*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material needs to be "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

4. Here, good cause to seal the documents identified above exists because the documents contain confidential information related to a license agreement and negotiations as well as Realtek's counsel's billing rates and time entries.

5. Realtek will comply with all applicable local rules and procedure regarding filing under seal through the Court's CM/ECF system, including the requirement to file a redacted version of Plaintiff Realtek Semiconductor Corporation's Opening Brief in Support of its Motion for Attorneys' Fees and accompanying Declaration within seven (7) days of filing the sealed

documents.

6. Realtek, therefore, respectfully requests entry of the attached order permitting the filing of the documents identified above under seal.

## CONFIDENTIAL INFORMATION

7. Good cause exists to seal the documents because they contain sensitive, non-public information. Portions of the brief and declarations contain information related to the confidential license agreement between the parties and negotiations between the parties, as well as counsel's billing rates and time entries that if made public would greatly injure Realtek and its counsel.

8. The information contained within the documents identified above is non-public, confidential information that amounts to competitively sensitive information.

9. Good cause exists as to the confidential treatment of the documents above.

## CONCLUSION

10. Realtek, therefore, respectfully requests entry of the attached Order sealing Plaintiff Realtek Semiconductor Corporation's Opening Brief in Support of its Motion for Attorneys' Fees and Declaration of Theodore J. Angelis in Support of Plaintiff Realtek Semiconductor Corporation's Opening Brief in Support of its Motion for Attorneys' Fees, including exhibits attached thereto.

11. Realtek will file a public version of the documents with only the confidential information redacted in compliance with Local Rule 5.1.3 and CM/ECF procedures.

Dated: December 26, 2024                           **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Megan E. Hunt (No. 6569)
600 King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steve.caponi@klgates.com
megan.hunt@klgates.com

*Counsel for Plaintiff*

4